**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CASE NO. 1:15-cv-01469

JOHN LEATO and LAURINA LEATO,

      Plaintiffs,

v.

ALLIANT CAPITAL MANAGEMENT, LLC,
DIVERSE FUNDING ASSOCIATES, LLC,
RAZOR CAPITAL, LLC, and
REAL TIME RESOLUTIONS, INC.

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.  This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.  The FDCPA and the FCRA are both remedial statutes designed for the protection of consumers.

3.  The FCRA was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

4.  To further purpose of protecting consumer privacy, the FCRA prohibits consumer reporting agencies ("CRA") from furnishing consumer reports to a prospective user unless that person has a "permissible purpose" to use the report. *See* 15 U.S.C. § 1681b(a)-(b).

5.      Likewise, the FCRA makes it unlawful for any person to use or obtain a consumer report without a "permissible purpose."  15 U.S.C. § 1681b(f).

6.      The process of obtaining a consumer report is colloquially known as "pulling" a consumer's credit report.

7.      In contrast to a "soft" pull of an individual's consumer report, which does not affect the consumer's credit score, "a 'hard pull' involves accessing a credit report for the purpose of issuing new credit or increasing the amount of existing credit.  These inquiries can be seen by potential creditors and can impact a consumer's credit score."  *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1274 n.2 (N.D. Cal. 2014).

8.      Thus, restricting who may make a "hard pull" of a consumer's credit report gives consumers a greater ability to manage their credit scores, thus promoting Congress's intent of ensuring a fair credit reporting system.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

10.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendants transact business in this district.

## PARTIES

11.     Plaintiffs are natural persons who at all relevant times resided in the State of Illinois, County of Cook, and City of Midlothian.

12.     John Leato is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     John Leato is a "consumer" as defined by 15 U.S.C. § 1681a(c).

14.     Laurina Leato is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Laurina Leato is a "consumer" as defined by 15 U.S.C. § 1681a(c).

16.     Defendant Alliant Capital Management, LLC ("Alliant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from John Leato, as defined by 15 U.S.C. § 1692a(5).

17.     Alliant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18.     Defendant Diverse Funding Associates, LLC ("Diverse") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from John Leato, as defined by 15 U.S.C. § 1692a(5).

19.     Diverse is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     Diverse is a "person" as defined by 15 U.S.C. § 1681a(b).

21.     Defendant Razor Capital, LLC ("Razor") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from John Leato, as defined by 15 U.S.C. § 1692a(5).

22.     Razor is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     Defendant Real Time Resolutions, Inc. ("RTR") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Laurina Leato, as defined by 15 U.S.C. § 1692a(5).

24.     RTR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     RTR is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

26.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt or debts.

27.     Plaintiffs' obligation(s), or alleged obligation(s), arises from a transaction, or transaction, in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

28.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due, another.

### Alliant

29.     Around February 17, 2014, Alliant received assignment of an alleged debt in default for collection.

30.     Upon receiving the account, Alliant obtained a copy of John Leato's consumer report from at least one of the major credit reporting agencies.

31.     Shortly thereafter, John Leato discovered information regarding Alliant's credit pull on his credit report.

32.     John Leato's credit report identifies the purpose of the pull as "collection."

33.     The information conveyed on John Leato's credit report for the February 17, 2014 credit request was the first information that Alliant conveyed, either directly or indirectly, to John Leato with respect to the debt.

34.     The February 17, 2014 credit pull was therefore Alliant's initial communication with John Leato with respect to the debt.

35.     Alliant failed to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in its initial communication or within five days thereafter.

### Diverse

36.     On or before August 4, 2014, Diverse requested and obtained a copy of John Leato's consumer report from Trans Union, LLC.

37.     Shortly thereafter, John Leato discovered information regarding Diverse's credit pull on his credit report.

38.     Upon noticing the pull on his credit report, John Leato sent a dispute letter to Diverse and filed a complaint with the Consumer Financial Protection Bureau.

39.     In response, Diverse sent a letter stating that it does not have an account for John Leato.

40.     Either this statement was false, or Diverse did not have a permissible purpose with which to request John Leato's credit report.  If the latter, upon information and belief, Diverse knowingly and willfully obtained a consumer report that was not authorized by John Leato to be furnished, and obtained such information under false pretenses.

41.     If the former, the information conveyed on John Leato's credit report for the August 4, 2014 credit request was the first information that Diverse conveyed, either directly or indirectly, to John Leato with respect to the debt.

42.     The August 4, 2014 credit pull was therefore Diverse's initial communication with John Leato with respect to the debt.

43.     Diverse failed to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in its initial communication or within five days thereafter.

### Razor

44.     Around September 9, 2014, Razor obtained an alleged debt in default from AvantCredit.

45.     On September 11, 2014, Razor obtained a copy of John Leato's consumer report from at least one of the major credit reporting agencies.

46.     John Leato received notice of Razor's credit pull shortly after the report was requested.

47.     The information conveyed on John Leato's credit report for the September 11, 2014 credit request was the first information that Razor conveyed, either directly or indirectly, to John Leato with respect to the debt.

48.     The September 11, 2014 credit pull was therefore Razor's initial communication with John Leato with respect to the debt.

49.     Razor failed to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in its initial communication or within five days thereafter.

50.     Subsequently, Frontline Asset Strategies, on behalf of itself and Razor, sent John Leato a written communication dated September 25, 2014 and containing the notices required by 15 U.S.C. § 1692g(a).

**RTR**

51.     On September 22, 2014, RTR obtained a copy of Laurina Leato's consumer report from Experian Information Solutions, Inc.

52.     Laurina Leato received notice of RTR's credit pull shortly after the report was requested.

53.     The information conveyed on Laurina Leato's credit report for the September 11, 2014 credit request was the first information that RTR conveyed, either directly or indirectly, to Laurina Leato with respect to the debt.

54. The September 11, 2014 credit pull was therefore RTR's initial communication with Laurina Leato with respect to the debt.

55. RTR sent Laurina Leato written communication dated November 4, 2014 containing the notices provided by 15 U.S.C. § 1692g(a).

56. RTR did not provide Laurina Leato with the notices provided by 15 U.S.C. § 1692g(a) until its November 4, 2014 letter.

57. A true and correct copy of the November 4, 2014 letter is attached as Exhibit A.

58. The letter states that RTR had not purchased the Debt until October 31, 2014.

59. Thus, when RTR pulled a copy of Laurina Leato's consumer report on September 22, 2014, RTR knowingly and willfully obtained a consumer report that was not authorized by Laurina Leato to be furnished, and obtained such information under false pretenses.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)**
**ALLIANT**

60. John Leato repeats and re-alleges each and every factual allegation contained in paragraphs 11-13, 16-17, and 26-35.

61. Alliant violated 15 U.S.C. § 1692g(a) by failing to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in the initial communication with John Leato or in writing within 5 days thereafter.

WHEREFORE, John Leato prays for relief and judgment, as follows:

a) Adjudging that Alliant violated 15 U.S.C. § 1692g(a);

b) Awarding John Leato statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding John Leato actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding John Leato reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding John Leato pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692g(a)**
**DIVERSE**

62. John Leato repeats and re-alleges each and every factual allegation contained in paragraphs 11-13, 18-20, 26-28, and 36-43.

63. Diverse violated 15 U.S.C. § 1692g(a) by failing to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in the initial communication with John Leato or in writing within 5 days thereafter.

WHEREFORE, John Leato prays for relief and judgment, as follows:

a) Adjudging that Diverse violated 15 U.S.C. § 1692g(a);

b) Awarding John Leato statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding John Leato actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding John Leato reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding John Leato pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## DIVERSE

64.     John Leato repeats and re-alleges each and every factual allegation contained in paragraphs 11-13, 18-20, 26-28, and 36-43.

65.     Diverse violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

WHEREFORE, John Leato prays for relief and judgment, as follows:

a)  Adjudging that Diverse violated 15 U.S.C. § 1692e;

b)  Awarding John Leato statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding John Leato actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding John Leato reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding John Leato pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## DIVERSE

66.     John Leato repeats and re-alleges each and every factual allegation contained in paragraphs 11-13, 18-20, 26-28, and 36-43.

67.     Diverse violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

WHEREFORE, John Leato prays for relief and judgment, as follows:

a) Adjudging that Diverse violated 15 U.S.C. § 1681b(f)(1);

b) Awarding John Leato actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding John Leato reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding John Leato punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692g(a)**
**RAZOR**

68.     John Leato repeats and re-alleges each and every factual allegation contained in paragraphs 11-13, 21-22, 26-28, and 44-50.

69.     Razor violated 15 U.S.C. § 1692g(a) by failing to provide John Leato with the notices required by 15 U.S.C. § 1692g(a) in the initial communication with John Leato or in writing within 5 days thereafter.

WHEREFORE, John Leato prays for relief and judgment, as follows:

a) Adjudging that Razor violated 15 U.S.C. § 1692g(a);

b) Awarding John Leato statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding John Leato actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding John Leato reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding John Leato pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1681b(f)(1)
### RTR

70.    Laurina Leato repeats and re-alleges each and every factual allegation contained in paragraphs 14-15, 23-28, and 51-59.

71.    RTR violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished..

WHEREFORE, Laurina Leato prays for relief and judgment, as follows:

a) Adjudging that RTR violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Laurina Leato actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Laurina Leato reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Laurina Leato punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692g(a)
### RTR

72.    Laurina Leato repeats and re-alleges each and every factual allegation contained in paragraphs 14-15, 23-28, and 51-59.

73.    RTR violated 15 U.S.C. § 1692g(a) by failing to provide Laurina Leato with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Laurina Leato, or in writing within 5 days thereafter.

WHEREFORE, Laurina Leato prays for relief and judgment, as follows:

    a)   Adjudging that RTR violated 15 U.S.C. § 1692g(a);

    b)   Awarding Laurina Leato statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

    c)   Awarding Laurina Leato actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d)   Awarding Laurina Leato reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)   Awarding Laurina Leato pre-judgment and post-judgment interest as permissible by law; and

    f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

74.    Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: February 17, 2015.

                                   Respectfully submitted,

                                   s/ Russell S. Thompson IV
                                   Russell S. Thompson IV
                                   Federal Bar No. 029098
                                   Thompson Consumer Law Group, PLLC
                                   5235 E. Southern Ave D106-618
                                   Mesa, AZ 85206
                                   (602) 388-8898
                                   (866) 317-2674 fax
                                   rthompson@consumerlawinfo.com

                                   Joseph Panvini
                                   Federal Bar No. 028359
                                   Thompson Consumer Law Group, PLLC

5235 E. Southern Ave D106-618
Mesa, AZ 85206
(602) 388-8875
(866) 317-2674 fax
jpanvini@consumerlawinfo.com

Attorneys for Plaintiffs